### BREESE v. TRENTON HORSE RAILROAD COMPANY.

1. In a suit against a street car company, a count alleged that the plaintiff was "on" a car, and thereby it became the duty of the company "to guard, protect and secure" the plaintiff while leaving the car.—*Held*, that the count was bad, as it failed to show any facts giving rise to such duty.

2. Another count alleged that the plaintiff was "on" a car, and that it thereby became the duty of the company to safely and securely carry him, &c.—*Held*, bad, as the plaintiff might have been on the car as a trespasser.

3. A count charging in general terms that the car of the defendant, by the carelessness of the management of those having it in charge, ran over the "body and arm" of the plaintiff, was sustained.

On demurrer to *narr.*

The pleadings are sufficiently stated in the opinion.

Argued at November Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and SCUDDER.

For the demurrant, *Gilbert Collins.*

Contra, *S. D. Oliphant, Jr.*, with whom was *George M. Robeson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   There are six counts in this declaration, five of which are demurred to.

We think the second and fourth counts are plainly bad. The following facts constitute the gravamen of each, viz.: That the plaintiff " was on " one of the street cars of the defendant,

"and thereupon," in the language of the pleader, "it became and was the duty of the said defendant to *guard, protect and secure* the said Edward Yard Breese in dismounting, descending, getting down and removing himself from the said car; yet the said defendant, not regarding its duty in that behalf, did not use due and proper care to guard, protect and secure the aforesaid Edward Yard Breese, whereby," &c.

It will be observed that from the fact that the plaintiff was in a car of the defendant, it being a common carrier of passengers, it is alleged that the duty was imposed on it "to guard, protect and secure" the plaintiff in the transaction of his leaving the car. But this description of the duty of the company is not the statement of a fact; it adds no force whatever to the case laid in the record, and, therefore, may without loss be always omitted, for it is simply and exclusively the pleader's averment of the legal efficacy of the facts stated. Obviously such construction can have no effect on the mind of the court; with the facts before us, we, ourselves, must ascertain their legal force.

In the present instance we think the conclusion of the pleader is a plain *non sequitur*. From the mere fact of the presence of the plaintiff in the car of the defendant, it was not the legal consequence that an obligation arose on the part of the company to "guard, protect and secure" the plaintiff when "dismounting, descending, getting down and removing himself from the said car." The only service, in the particular in question, to be rendered by the carrier to even its fare-paying passengers, is to stop its car, on request, for a reasonable time at a proper place, and having done this, the duty "to guard, protect and secure" the passenger in the act of leaving the car is incumbent, not on the carrier, but on the passenger himself. The fault of these counts is, that they do not show, by a statement of facts, that the duty which they assert has been violated, has any existence.

The rule upon the subject is thus stated by Addison, in his work on Torts: "The decisions, observes Lord Campbell, show that the allegation of duty in a declaration is in all cases

immaterial, and ought never to be introduced, for, if the particular facts set forth raise the duty, the allegation is unnecessary, and, if they do not, it will be unavailing. If the particular facts stated in the declaration do not raise the duty, it cannot be established by other facts not stated. The declaration, therefore, must stand or fall by the facts stated. Negligence creates no cause of action unless it expresses or establishes some breach of duty." 2 *Add. Torts,* § 1338.

As to each of these counts the demurrer is sustained.

The third count propounds a different proposition.

Its allegations are to the effect that the plaintiff " was on " the defendant's car, and that it thereby became the duty of the latter to use due and proper care, so that the plaintiff should be safely and securely carried so long as he remained on the car. A breach of that duty is then averred.

Here the question is presented, Whether, from the mere presence of a person in the car in question, a duty to carry safely was, *ipso facto,* imposed on the car company.

We think that here, again, the duty averred is not shown to exist. Presence in the car will not, *per se,* raise such duty, and the consequence is, that when mere presence is stated, and negligence is stated, a cause of action to even a common certainty is not shown. The allegations, according to the familiar rule, are to be taken most strongly against the pleader, and the court cannot help a defective statement by a conjectural addition. The ground of the plaintiff's case must be his *legal* presence in the car; that is, he must have been there, either as a fare-paying passenger or, at the least, as a licensee; and if this be so, one or the other of such legal characteristics is an indispensable fact in the constitution of his right to sue. This is not a matter of defence. Presence, plus the legality of such presence, is the ground work of the plaintiff's case, and one of these essential factors is here omitted. If the plaintiff was unlawfully in the car, the company did not owe to him any duty springing from the fact that he was in the car. In such a condition of things, the defendant could not be held liable for mere non-feasances; it would have been responsible only for

its malfeasances. "A person," says Judge Cooley, "who steals a ride, cannot insist that there is a duty to him to run its trains with care." *Cooley Torts* 792. That negligence which does not constitute a breach of duty is not actionable, has been exemplified in many cases. *Price* v. *New Jersey Railroad and Transportation Co.*, 2 *Vroom* 229 ; 2 *Add. Torts*, § 1378 ; *Cooley Torts* 792.

The fifth count falls under the same criticism.

With respect to both, the demurrers must be severally sustained.

The sixth count is loosely drawn, but, on the whole, we think it may stand. It states, substantially, though in general terms, that by the careless management of the car in a public street, by the agents of the defendant, it thereby ran over the "body and arm" of the plaintiff. It need not appear with much particularity how the tort was committed. 2 *Redf. Railw.* 602.

On this count the plaintiff is entitled to judgment