HENRY RACE v. EASTON AND AMBOY RAILROAD
COMPANY.

Submitted July 12, 1898—Decided November 7, 1898.

1. In actions for negligence, facts showing duty and breach must be pleaded, and where the injury complained of is indirect, the facts constituting negligence should be averred.

2. A declaration simply averring, in effect, that by reason of the negligent and improper running of defendant's railroad train and blowing of the whistle of its locomotive, a horse being driven on the highway was frightened; that the horse overturned the wagon, and that plaintiff was thereby thrown out and injured, is not specific enough for good pleading, but may stand as against a general demurrer.

On demurrer to the declaration.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, LUD-LOW and COLLINS.

For the demurrant, *Robert H. McCarter.*

*Contra, William C. Gebhardt.*

The opinion of the court was delivered by

COLLINS, J.   The plaintiff's declaration contains two counts, one for personal injury to the plaintiff and the other for loss sustained by him from personal injury to his wife—both husband and wife having been thrown from a wagon on a public highway.   In the averment of negligence each count is the same, and recites that the defendant operated a railroad, and on a day named, was, by its servants, engaged in running an engine and train of cars thereon, and that the plaintiff was driving on a public road; and then avers that, "nevertheless the said defendant, by its said servants, at a point less than fifty feet from where the said railroad crosses the said public road, at grade, near a station or depot called "Kings," as said plaintiff was nearing said crossing, and without hav-

ing given any previous notice of the approach of said train towards said crossing by either ringing the bell or blowing the whistle of said locomotive, so carelessly, improperly and negligently ran, controlled, propelled and directed said locomotive and blew and sounded the whistle of the said locomotive, that by and through the negligence, carelessness and improper conduct of the said defendant, by its said servants, the horse of the said plaintiff then and there became and was terrified, frightened and scared, thereby causing the horse of the said plaintiff to overturn and upset the carriage in which," &c., &c., and thereby the plaintiff was thrown out and injured. This averment is too general. The case cited by plaintiff to support it really condemns it. *Breese* v. *Trenton Horse Railroad Co.*, 23 *Vroom* 250. In that case the late Chief Justice, with conspicuous clearness, shows how essential it is that in actions for negligence, facts raising a duty the breach of which is complained of, and facts showing such breach, should be averred by the pleader. The one count of the declaration sustained, although loosely drawn, exemplified the principle. It charged that through the careless management by servants of the defendant's car in a public street it ran over the body and arm of the plaintiff. Here was direct personal injury from the car itself to a person on the highway. Both duty and breach sufficiently appear even from these meager facts, but in the case now at bar it is otherwise. Suppose the count ran thus : " Whereas the defendant was driving his horse and wagon on a certain public road, and the plaintiff was driving his horse and wagon on a public road crossing the same, nevertheless, the said defendant, at the point where such roads cross, as said plaintiff was nearing said crossing, and without having given any previous notice of his approach toward such crossing so negligently and improperly drove his horse and wagon and cracked his whip, that by his negligence and improper conduct the horse of said plaintiff then and there became terrified," &c. Such a count would seem ridiculous, yet it does not differ essentially from that before us, and I entertain no doubt that under certain

circumstances the frightening of a horse by the crack of a whip would be actionable. The circumstances are the groundwork of the action and should be pleaded. It will hardly do to say that the blowing of a locomotive's whistle is, *per se,* actionable if a horse is frightened by it or (as counsel argues) that the court can " take judicial notice of the fact that the running of a locomotive and the blowing of a locomotive whistle will, if done negligently or carelessly, frighten horses." Nor is it necessarily improper to blow a locomotive whistle within fifty feet of a road crossing without having previously blown such whistle or rung a bell. The character of such an act depends on circumstances.

In *Bittle* v. *Camden and Atlantic Railroad Co.,* 26 *Vroom* 615, the Court of Errors and Appeals decided that a case was made for a jury when it was proved that the defendant's engineer saw the plaintiff holding his horse by the head, and, under circumstances indicating a purpose to frighten the horse, suddenly blew an unusually loud blast on the whistle of the locomotive, which did in fact frighten the horse and lead to injury to the plaintiff. In the opinion read for the court it was incidentally said that a railroad company is bound to use reasonable care and prudence in giving statutory signals of the approach of a train or of its existence at any given point where such signals may be allowed or required, and that negligence in the exercise of the lawful right to give such signals is actionable if it causes injury, and also that the failure to give the statutory signals until just upon a road crossing is evidential on the question, but this decision is very far from holding that the blowing of a locomotive whistle in any other way or at any other time than within the direction of the statute, is an improper act. Warning for crossings is but a small part of the use of such a whistle. The statutory duty is to ring the bell *or* blow the whistle, from a distance of three hundred yards, until the crossing is passed or the engine has stopped. *Gen. Stat., p.* 2669, *pl.* 117. It is not logical to say that an act that is permitted under certain conditions is thereby prohibited under any other conditions. It is com-

mon knowledge that the locomotive whistle is used for many purposes tending towards the public safety, and the propriety of its use must be tested by circumstances. In modern railroad usage, as all observant persons know, the long crossing whistle has been abandoned. The bell is rung, and, in addition, four short blasts are blown upon the whistle, the first two somewhat longer than the two that follow. Such blasts, of course, are not within the statutory duty, but no court could say, as matter of law, that if they frightened a horse they were necessarily actionable. The Bittle decision did not touch the matter of pleading, and, on that subject, we must be guided by general rules. For an indirect injury resulting from alleged negligence, the facts showing negligence should be pleaded, for otherwise it cannot be seen that the alleged negligent act or omission was the proximate cause of the injury. In direct injury to person or property this may be safely assumed.

No one will contend that a simple averment that a plaintiff was, through negligence of the defendant, thrown from his own wagon, would fairly apprise the defendant of the breach of duty or of the negligence intended to be charged. The added allegation that the negligence was in the running of a train and the blowing of a whistle is to my mind equally unsatisfactory.

We are precluded, however, from giving effect to the defendant's challenge of this declaration, because this court, when a count almost identical was before it, adjudged that its defects were formal only, and therefore not within the reach of a general demurrer, and that the defendant's remedy was by motion to strike out. The case is Reed *v.* Central Railroad Co., decided at November Term, 1890, but not reported. The memorandum filed refers for a precedent to *Van Horn* v. *Central Railroad Co.*, 9 *Vroom* 133.