MARGARET S. LONG, ADMINISTRATRIX, v. JOHN STEPHENSON COMPANY.

Argued November 8, 1905—Decided June 11, 1906.

1. An averment in a declaration that, upon the facts stated therein, a specified duty rested upon the defendant is of no importance in determining whether the declaration shows a cause of action. The assertion of the existence of the duty is not the statement of a fact but simply and exclusively the pleader's averment of the legal efficacy of the facts stated.

2. An employer is not responsible for an injury sustained by his employe caused solely by unsafe premises, which are owned and controlled by a third person, and where the employe's services are performed.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices HENDRICKSON and PITNEY.

For the plaintiff, *Jeremiah A. Kiernan.*

For the defendant, *William D. Edwards.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought by the administratrix of Robert Long, deceased, to recover from the defendant company the pecuniary loss sustained by his widow and next of kin by reason of his death.

The pertinent averments of the declaration are that the defendant company was the owner and operator of a car factory at Linden, New Jersey, and employed the decedent as a

workman in and about the repairing of car trucks; that it frequently sent men to the car sheds of trolley companies for the purpose of having them repair cars and trucks stored in said sheds; that on November 15th, 1904, it sent the decedent, together with several other workmen, to the car shed of the Public Service Corporation in Newark for the purpose of repairing certain trucks belonging to that corporation, which were stored in its shed; that the decedent was put to work upon a car truck which stood upon a track laid across a pit in the shed; that the place where he was at work was besmeared and littered with grease and greasy waste; that the pit was filled for a considerable distance with broken iron and steel, and that the decedent, while engaged in tightening a nut upon the truck at which he was working, slipped upon the greasy floor and was precipitated into the pit, and received injuries from the broken steel and iron therein so severe as to cause his death. The declaration then avers that it was the duty of the defendant company to have used reasonable care to furnish the decedent with a safe place in which to carry on his work, and points out the means by which the place could have been made safe, and then avers that the failure of the defendant to perform this alleged duty was the cause of the accident.

The principal grounds of demurrer are—*first,* that upon the facts set out in the declaration, no such duty as is averred therein rested upon the defendant company, and *second,* that the declaration clearly shows that the danger of such an accident as that which happened to the deceased was perfectly obvious to him, and that for this reason the defendant is exonerated from liability, even if it owed the alleged duty and failed to perform it.

It is hardly necessary to observe that the averment by the plaintiff that upon the facts stated in the declaration the duty which she therein specifies rested upon the defendant, is of no importance in determining whether the declaration shows a cause of action. The assertion of the existence of the duty of the company is not the statement of a fact, but simply and exclusively the pleader's averment of the legal

efficacy of the facts stated. *Breese* v. *Trenton Horse Railroad Co., 23 Vroom* 250; *Clyne* v. *Helmes, 32 Id.* 358; *Marples.* v. *Standard Oil Co., 42 Id.* 353. Obviously, the construction which the pleader puts upon the facts can have no effect upon the mind of the court; with the facts before us we ourselves must ascertain their legal force. In the present case, on the facts stated, we think no such duty as is averred by the plaintiff rested upon the defendant company. As is stated by Justice Mestrezat, in *Sharpley* v. *Wright, 205 Pa. St.* 253, "it is well settled that an employer is not responsible for an injury sustained by his employe caused solely by unsafe premises which are owned and controlled by a third person, and where the employe's services are performed. The reason of the rule is that the employer does not own, use or control the premises," and hence is without power to make any change in their condition. In *Channon* v. *Sanford Company, 70 Conn.* 573, it is said that "the general rule requiring the master to use reasonable care to provide a reasonably safe place for the servant to work in is not ordinarily applicable to cases where the master neither has nor assumes possession, use or control, legal or actual, of the premises where the servant may be at work. The general rule is based upon such possession, use and control by the master of the premises where he puts his servants at work for him; and, speaking generally, his duty to use due care to make and keep such place reasonably safe flows from and is measured by such possession, use and control." To the same effect is *Hughes* v. *Gas Light Co., 168 Mass.* 395. The principle underlying these and like decisions is that the employer cannot be justly charged with negligence as to matters over which he has no control.

The conclusion reached upon the point presented by the first ground of demurrer disposes of the case and renders unnecessary a consideration of the question whether the existing conditions set out in the declaration created a situation of danger necessarily so obvious as to charge the plaintiff's decedent with the assumption of risks arising therefrom.

The defendant is entitled to judgment on the demurrer.