## MINNIE MILLER, ADMINISTRATRIX, &c., v. PATHE FRERES, A CORPORATION.

Submitted March 23, 1911—Decided June 9, 1911.

1. The mere allegation in words of a duty will not help the pleader unless facts are set forth from which the court may determine the existence of the duty and its breach.
2. A simple allegation of negligence in direct injuries sufficient, *aliter* as to indirect injuries.

---

On motion to strike out declaration.

Before Justices GARRISON, PARKER and VOORHEES.

For the plaintiff, *Robert Newton Crane.*

For the defendant, *Bedle & Kellogg.*

The opinion of the court was delivered by

VOORHEES, J. This is a motion to strike out the first and second counts of a declaration in tort. The first count alleges that the defendant managed a factory wherein the plaintiff's intestate was employed as a laborer, whereby he was compelled to enter the building where moving picture films were stored, and to insert an electric needle in the films to see if they had been properly manufactured, and then pack them.

That the building was extremely dangerous to the plaintiff's intestate, and the building was so carelessly constructed, inspected, repaired and run, and the defects were so hidden that the decedent did not know, and could not see them, and was not warned of them.

Then follows the allegation of a duty to keep the place safe, and to take care to keep the building in repair, and that there was a disregard of these duties, that the defendant did not use reasonable care to protect the plaintiff's intestate or to provide a proper place to work in, and proper implements, but while he was employed in the discharge of his duty, the defendant disregarded its duties, in that the outbuildings were carelessly and negligently constructed, inspected and managed, which were unknown to plaintiff's decedent, and of which he was not warned or instructed, and the defendant carelessly, negligently, &c., acted and misbehaved itself, in failing to perform its duties.

A violent explosion occurred in the building, and the plaintiff's intestate imprisoned therein, was hurt so that he died.

The second count sets out and refers to the first count, and repeats the allegations thereof, and alleges that the death resulted by reason of the defects in the condition of the place assigned to decedent to work in.

The ground stated in the notice to strike out is, that the declaration alleges merely that the buildings were dangerous, and insecurely erected, and that the first count fails to allege any facts showing in what particulars the defendant was negligent, and this as to each count.

The mere allegation in words of a duty will not help the pleader, unless facts are set forth from which the court may determine the existence of the duty and its breach. *Breese* v. *Railroad,* 23 *Vroom* 250; *Davey* v. *Erie,* 40 *Id.* 50; *Marvin Safe Co.* v. *Ward,* 17 *Id.* 19; *Clyne* v. *Helmes,* 32 *Id.* 358; *Millville* v. *Sweeter,* 46 *Id.* 23; *Deremer* v. *Delaware, Lackawanna and Western,* 25 *Id.* 407; *Marples* v. *Standard Oil Co.,* 42 *Id.* 352; *Prosser* v. *West Jersey and Seashore Railroad Co.,* 43 *Id.* 342; *Welch* v. *Carlucci Stone Co.,* 215 *Pa. St.* 34.

Where the declaration sets forth the facts which show the injury to be direct, it is sufficient to allege simply that the defendant was negligent. *Breese* v. *Railroad, supra,* but where negligence gives rise to an injury which is indirect, facts constituting the negligence and showing the duty, and the breach thereof, must be pleaded and averred. *Race* v. *E. and A. R. R.,* 33 *Vroom* 536; *Ferguson* v. *Western Union,* 35 *Id.* 222.

General statements of negligence are insufficient. *Van Horn* v. *Central Railroad,* 9 *Vroom* 133. Allegations of negligence not connected by averments with the injury, will not be considered. *Minnuci* v. *Philadelphia and Reading Railroad,* 39 *Id.* 432.

Tested by the above rules, the declaration is insufficient and each count should be stricken out, with costs.