JACOB PESIN, PLAINTIFF AND RESPONDENT, v. MATTEO JUGOVICH, DEFENDANT AND APPELLANT.

Argued June 23, 1913—Decided November 17, 1913.

1. The lessee for a term of years of the whole of a tenement-house, and occupying one floor himself and subletting the others, is under a duty to keep burning a proper light in the public hallways thereof from sunset until ten o'clock each evening as required by section 126 of the Tenement House act. *Pamph. L.* 1904, *p.* 126; *Comp. Stat., p.* 5341.

2. Where the evidence shows the defendant's breach of the duty imposed by section 126 of the Tenement House act (*Pamph. L.* 1904, *p.* 126; *Comp. Stat., p.* 5341) to keep burning a proper light in the public hallways of his tenement-house from sunset until ten o'clock each evening, and where it is open to the jury to find that such breach of duty was the proximate cause of plaintiff's injury, the plaintiff is entitled to go to the jury unless it can be said as a matter of law either that plaintiff's negligent conduct contributed to his injury or that he assumed the risk.

3. If a person, in doing that which it is his right to do in discharge of his duty, exercises reasonable care and prudence, he is not guilty of contributory negligence as a matter of law, although the result showed that he imperiled his personal safety in doing as he did.

4. Reasonable care means not extraordinary care, but such care as an ordinarily prudent person would exercise under the conditions existing at the time he is called upon to act.

5. Where fair-minded men might honestly differ as to whether the conduct of the plaintiff was such as an ordinarily prudent person would have pursued under the conditions existing at the time he was called upon to act, it cannot be said as a matter of law that he was guilty of contributory negligence.

6. A person having lawful business in a tenement-house has a right to presume that the owner has performed the duty cast upon him by section 126 of the Tenement House act. *Pamph. L.* 1904, *p.* 126; *Comp. Stat., p.* 5341.

7. One delivering goods to the tenant of the top floor of a tenement-house and injured by reason of the owner's failure to keep burning proper lights in the public hallways as required by section 126 of the Tenement House act (*Pamph. L.* 1904, *p.* 126; *Comp. Stat., p.* 5341) cannot be said to be guilty of contributory negligence as a matter of law in using the unlighted stairs when it was open to the jury to find that he was familiar with the stairs, and was well advanced in the ascent before noticing the absence of the lights, and when it appeared that he had no means of making a light and that there was no one present to make one for him.

On appeal in action at law.

For the appellant, *Samuel A. Besson.*

For the respondent, *Abraham Levitan.*

The opinion of the court was delivered by

TRENCHARD, J.   This is the defendant's appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, in an action in the Hudson Circuit Court.

The ground of complaint was that the plaintiff was injured through the negligence of the defendant in failing to furnish proper lights in the public hallways of a tenement-house, the whole of which was in the defendant's possession as lessee, as required by section 126 of the Tenement House act (*Pamph. L.* 1904, *p.* 126; *Comp. Stat., p.* 5341), which is as follows:

"In every tenement-house now existing or hereafter erected a proper light shall be kept burning by the owner, in the

public hallways, near the stairs, upon the entrance floor; and in every tenement-house, over two stories high, such a light shall also be kept burning upon the second floor above the entrance floor of such house every night, throughout the entire year, and upon all other floors of such tenement-house from sunset each day until ten o'clock each evening," &c.

It appeared at the trial, among other things, that the defendant was the lessee for a term of years of the whole of the premises known as No. 55 First street, Hoboken, and sublet portions of it to other tenants; that the house was a tenement-house within the meaning of the Tenement House act; that shortly after sunset, on December 4th, 1911, the plaintiff, a driver of a mineral water wagon, was engaged in delivering a box of soda water to a tenant on the top floor; that the public halls of the house were not lighted, and in descending the top flight of stairs in the darkness he fell and was injured.

At the end of the plaintiff's case the defendant moved to nonsuit upon the ground of contributory negligence of the plaintiff.

The defendant, being the lessee for a term of years of the whole of the tenement-house in question, occupying one floor himself and subletting the others, was under a duty to keep burning a proper light in the public hallways thereof from sunset until ten o'clock each evening as required by section 126 of the Tenement House act. This the defendant concedes.

Also, it seems to be properly conceded that, since the evidence showed a breach of that duty, and, since it was open to the jury to find that such breach of duty was the proximate cause of the injury, the plaintiff was entitled to have the case submitted to the jury unless it could be said as a matter of law either that plaintiff's negligent conduct contributed to his injury or that he assumed the risk.

The defendant does not contend that the plaintiff assumed the risk. His motion to nonsuit was grounded solely upon the plaintiff's contributory negligence.

We think the motion was properly denied.

The plaintiff had a right to use the stairs in question to make delivery of goods to the customer of his employer.

If a person, in doing that which it is his right to do in discharge of his duty, exercises reasonable care and prudence, he is not chargeable with contributory negligence as a matter of law, although the result showed that he imperiled his personal safety in doing as he did. 29 *Cyc.* 523.

Reasonable care means, not extraordinary care, but such care as an ordinarily prudent person would exercise under the conditions existing at the time he is called upon to act.

Where fair-minded men might honestly differ as to whether the conduct of the plaintiff was such as an ordinarily prudent person would have pursued under the conditions existing at the time he was called upon to act, it cannot be said as a matter of law that he was guilty of contributory negligence.

We think that is this case.

The plaintiff had a right to presume that the defendant had performed the duty, cast upon him by the Tenement House act, to keep the lights burning. He was familiar with the stairs, having frequently used them to deliver goods to his employer's customer upon the top floor. There was a window at each floor and it may well be that he was well advanced upon the stairs before he noticed the absence of lights. What would an ordinarily prudent person have done in such circumstances? Would he have stayed where he was or gone back or continued upward in the reasonable expectation that the defendant had at least performed his duty with respect to the lights on the upper floors? He had upon his shoulder a box weighing eighty pounds. His team was standing outside in the snow. His clothing had been wet through by the storm. He had no matches to make a light, and no person was there to make one for him. We are bound to concede that fair-minded men might honestly conclude that his conduct in proceeding to deliver his goods was that of a reasonably prudent person under the conditions existing at the time. That being so, it cannot be said that it was negli-

gence as a matter of law for him to descend the stairs after he had delivered the goods.

This disposes of the only question raised and argued.

The judgment below will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ.    12.

*For reversal*—None.