DOMINICK SORIERO, BY NEXT FRIEND, RESPONDENT, v. THE PENNSYLVANIA RAILROAD COMPANY, APPELLANT.

RAFIELE SORIERO, RESPONDENT, v. THE PENNSYLVANIA RAILROAD COMPANY, APPELLANT.

Argued July 3, 1914—Decided December 1, 1914.

1. Where an infant eight or nine years of age, while playing upon a pile of railroad ties, resting against a railroad wall upon a public street, was injured by the falling of a stone from the wall, and there was testimony from which it was inferable that the stones in the wall were loose and the wall in need of repair— *Held*, that the defendant was *prima facie* guilty of negligence in maintaining the wall in a dangerous condition to persons lawfully upon the street.

2. The fact that the infant was playing upon the ties did not charge it with contributory negligence, since the ties were upon a public street, and the fall of the stone, and not the act of playing upon the ties, was the proximate cause of the injury and, under the testimony, in nowise connected therewith as a causal factor in the accident.

On appeal from the Hudson County Circuit Court.

For the appellant, *Vredenburgh, Wall & Carey*.

For the respondent, *Charles M. Egan*.

The opinion of the court was delivered by

MINTURN, J.   An infant son and his father are plaintiffs, respectively, in two suits against the defendant seeking damages for injury to the infant.

While playing upon some railroad ties, placed against defendant's wall abutting Railroad avenue, in Jersey City, Dominick Soriero, the infant plaintiff, eight or nine years old, was injured by the falling of a stone from the wall. There was testimony that the stones in the wall had been loose, and were loose at the time of the accident, but no actual

notice or knowledge of that fact was brought home to the defendant, and upon the existence of that fact defendant based its motion to nonsuit, as well its motion for a direction of a verdict at the close of the case. The trial resulted in a verdict for both plaintiffs.

The motions to nonsuit and to direct a verdict present the defence interposed by defendant, as a question of law, upon substantially undisputed facts, as to the manner and conditions in which the accident occurred. We think it indisputable that the ties upon which the infant plaintiff was playing were upon the public street, and that the infant was not a trespasser upon the defendant's premises or property at the time of the accident, as was the case in *Snare & Triest Co.* v. *Freedman,* 71 *N. J. L.* 605.

The falling of the stone was not caused by the fact that the ties were stored upon the street, or that the infant was playing upon them when the stone fell. Those were mere conditions incident to the situation, and were in nowise connected as primal or causal factors of the injury.

The gravamen of the allegation imposing liability is that the plaintiff was lawfully upon the public highway, when a stone, due to defendant's carelessness in maintenance, fell, causing the injury complained of. That situation brings the case within the familiar principle which attributes negligence to an abutting owner of property, who so negligently manages the same that a passerby lawfully upon the highway is injured.

Addison states the principle thus: "Every occupier of a house adjoining a highway is responsible for injuries to passersby, arising from things falling from the house into the streets, unless he can show that the fall arose from storm or tempest, or some inevitable accident." 1 *Add. Torts* 253, and cases cited.

In 29 *Cyc.* 593, it is stated that "the doctrine under consideration has been applied in cases of materials or articles falling from buildings or other structures on to passersby on a public street; and the unexplained falling of a building or other structure creates a presumption of negligence."

So, Chief Baron Pollock, applying the principle to the case of a passerby injured on the highway, by the falling of a barrel of flour from the upper window of an abutting warehouse, said: "I think that such a case would, beyond all doubt, afford *prima facie* evidence of negligence. A barrel would not roll out of a warehouse without some negligence, and to say that a plaintiff who is injured by it must call witnesses from the warehouse to prove negligence, seems to me preposterous. So, in the building or repairing a house or putting pots on the chimney, if a person passing along the road is injured by something falling upon him, I think the accident alone would be *prima facie* evidence of negligence." *Byrne* v. *Boadle*, 2 *Hurlst. & C.* 722.

A case substantially similar in principle to that at bar was *Kearney* v. *London, &c., Railroad, L. R.*, 5 *Q. B.* 411, where a railroad bridge had been built three years, and while the plaintiff was passing under it on a public highway, a brick fell and injured him. A motion to direct a nonsuit was made upon the ground that the mere falling of the brick indicated no negligence with which the defendant could legally be charged. The Court of Queen's Bench held that the case was one for the application of the doctrine of *res ipsa loquitur;* or, in other words, the falling of the brick was *prima facie* evidence of negligence. Upon appeal to the Exchequer Chamber (*L. R.*, 6 *Id.* 761) this doctrine was unanimously affirmed.

The cases elucidating the application of this principle in the concrete are numerous, and a reference to a few of the most notable of them must suffice for the purposes of this case.

In *Rector of Church of Ascension* v. *Buckhart*, 3 *Hill* (*N. Y.*) 193, it was held that it is the duty of an owner of a ruinous building to prevent its walls from falling. In *Mullen* v. *St. John*, 57 *N. Y.* 569, Commissioner Dwight reviews at length the authorities supporting the principle, and the conclusion there reached was that the owner of a building adjoining a street or highway is bound to take reasonable care that it be kept in proper condition, so that it shall not fall into the street or highway and injure persons lawfully there;

and the happening of such an accident was held to be *prima facie* evidence of negligence. This adjudication has been followed by that court in *Seyboldt* v. *New York, &c., Railroad Co.,* 98 *Id.* 261, and in *Volkmar* v. *Manhattan R. Co.,* 134 *Id.* 418, where an iron bolt fell from defendant's elevated structure upon a passerby, causing damage.

In Canada the same doctrine was applied in *Earl* v. *Reid,* 21 *Ont. L. Rep.* 545, cited with annotations in 18 *Am. & Eng. Ann. Cas.* 1.

The doctrine has also been applied in many cases where the contest has arisen over the respective liabilities of landlord and tenant for the damage resulting from the accident, but in every instance the principle of liability is conceded whether applied to one or the other, as the facts might warrant.

The fundamental requirement of duty upon the part of the defendant is similar whether applied to an adult passerby upon the street or to an infant playing there, who invokes the benefit of the legal status comprehended in the claim of *non sui juris. McAlpin* v. *Powell,* 70 *N. Y.* 126; *Hoberg* v. *Collins, Lavery & Co.,* 80 *N. J. L.* 425.

That requirement of legal duty has been determined by this court to be to exercise reasonable care and foresight for harm. *Kingsley* v. *Delaware, Lackawanna and Western Railroad,* 81 *N. J. L.* 536; *Munroe* v. *Pennsylvania Railroad,* 85 *Id.* 688.

There was evidence in the case at bar that the stones in the wall where the accident happened were loose, and were about to fall, and that this particular stone fell and injured the infant plaintiff. Under the cases referred to, this proof presented a *prima facie* case, from which, in the absence of satisfactory exculpatory evidence upon the part of the defendant, the jury might properly infer negligence.

The charge of the learned trial court, however, is open to a criticism, which necessitates the reversal of this judgment. Speaking of the degree of care which the law imposed upon this defendant, under the circumstances, the court charged that the defendant was required to use "that degree and amount of care which is within the range of human precau-

tion and foresight, to keep the wall in such condition as not to cause injury to a person upon the public highway."

This language manifestly misconceives the limitations of the rule of legal duty applicable to a landowner in a situation such as is presented here. That rule is circumscribed by the limitation of reasonable care to protect the public against defective construction, or disrepair of property adjoining the public highway, and is co-equal only with the care required of the ordinary prudent man under similar circumstances. *Blyth* v. *Birmingham Water Works*, 11 *Exch.* 781; *Daniel* v. *Metropolitan R. Co.*, L. R., 5 *H. L.* 45; *Hill* v. *Winsor*, 118 *Mass.* 251; *Commonwealth* v. *Pearce*, 138 *Id.* 176; *Kingsley* v. *Delaware, Lackawanna and Western Railroad, supra.*

The judgment must therefore be reversed and a *venire de novo* is ordered.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD. PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, HEPPENHEIMER, WILLIAMS, JJ. 14.