CATHERINE R. SAVAGE, APPELLANT, v. PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

Submitted December 6, 1920—Decided February 28, 1921.

1. Under common law rules of pleading an averment in a declaration that the plaintiff's injuries resulted directly from the negligence of an employe of the defendant without any specification of what constituted the negligence, or what employe was guilty of it, discloses the existence of a cause of action against the defendant, and will therefore be sustained as against a general demurrer.

2. The distinction between the motion to strike out provided for in section 110 of the Practice act, and that provided by the present fortieth rule of the Supreme Court, is the distinction which. existed at common law between a special and a general demurrer, the one being directed at matters of form and the other at matters of substance.

3. An averment in a complaint "that while a passenger as aforesaid [on defendant's trolley car] she [plaintiff] was standing on the rear platform of the car, about to enter the body of the said car, and was suddenly jerked from her feet and thrown to the floor of the car by the negligent operation thereof," while possibly objectionable for lack of certainty and failure to state the specific act of negligence charged against the defendant, sufficiently discloses a cause of action to be sustained on a motion to strike out under the fortieth rule of the Supreme Court.

On appeal from the Supreme Court.

For the appellant, *Frederic W. Schlosstein.*

For the respondent, *Lefferts S. Hoffman* and *Leonard J. Tynan.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The appellant, Catherine Savage, seeks by this action to recover for personal injuries sustained by her while traveling as a passenger on a trolley car of the respondent company. The averment of the complaint upon which the liability of the respondent is predicated reads as follows: "That while a passenger as aforesaid

she was standing on the rear platform of the car, about to enter the body of the said car, and was suddenly jerked from her feet and thrown to the floor of the car by the negligent operation thereof." The answer filed by the respondent denied generally the facts set out in the complaint; and, by way of a further defence, averred that the portion of it which we have recited does not state facts sufficient to constitute a cause of action; and then reserved to the respondent the right to move at the trial of the suit to strike out the complaint for this reason. In due course the case came on to be tried before the court and a jury, and immediately after the jury was sworn counsel for the respondent, in the exercise of its reserved right, moved to strike out the complaint upon the ground that it did not set out a cause of action. At the conclusion of the arguments upon the motion the trial judge having first expressed himself as "being of the opinion that the said complaint disclosed no cause of action" ordered that it be struck out, with costs. Judgment having been entered in accordance with this ruling, the present appeal was taken.

The procedure followed by court and counsel was that prescribed by the legislature in the year 1912 by rule 26 of the new Practice act (now rule No. 40 of the Supreme Court). By that rule general demurrers were abolished, and, as a substitute therefor, it was provided that "any pleading may be struck out on motion on the ground that it discloses no cause of action, defence or counter-claim respectively. The order made upon such motion is appealable after final judgment. In lieu of a motion to strike out, the same objection * * * may be raised in the answering pleading and may be disposed of at or after the trial."

The question upon which the determination of this appeal depends is whether the complaint could have been successfully attacked by a general demurrer, upon the ground that it disclosed no cause of action; and we think that it must be answered in the negative. In the case of *Central Railroad Co.* ads. *Van Horn,* 38 *N. J. L.* 133, 138, the defendant interposed a demurrer to the second count of a declaration, which showed merely that the plaintiff was in one of the cars of the

defendant company under a duty by it to carry her safely, and while there that she was, "through the negligence, carelessness and misdirection of the defendant and its agents and servants, thrown from and under the coaches of the said defendant." It was held by the Supreme Court that, although this averment was so uncertain and insufficient in detail as to afford the defendant little, if any, information as to what the specific act of negligence was, or what agency of the company was responsible for it, it was clearly good on a general demurrer; the defect being one of form and not of substance. In *Breese* v. *Trenton Horse Railroad Co.*, 52 *Id.* 250, 253, a count which stated in general terms that by the careless management of the car in a public street by the agents of the defendant it thereby ran over the body and arm of the plaintiff, was held good on general demurrer. In *Race* v. *Easton and Amboy Railroad Co.*, 62 *Id.* 536, a count in a declaration simply averring, in effect, that by reason of the negligent and improper running of defendant's railroad train, and blowing of the whistle on its locomotive, a horse which was being driven on the highway by the plaintiff became frightened and overturned the wagon, and that plaintiff was thereby thrown out and injured, although not specific enough for a proper pleading was permitted to stand as against a general demurrer. *Ferguson* v. *Western Union Telegraph Co.*, 64 *Id.* 222, is to the same effect. In *Minnuci* v. *Philadelphia and Reading Railroad Co.*, 68 *Id.* 432, it was declared that an averment in a declaration which stated that the plaintiff's injuries were caused solely by the negligence of the defendant, without more, although it did not fulfill the requirement of the rule of pleading that the certainty of the statement of the plaintiff's case must be such as in a reasonable measure to apprise the defendant of the case to be made against him, was good on general demurrer.

The opinions referred to are those of the Supreme Court; but the soundness of the judicial declarations has never been challenged, so far as we are aware, and they meet with our approval. It is hardly necessary to add that they are dispositive of the present appeal; for they establish the prin-

ciple that an averment in a declaration that the plaintiff's injuries resulted directly from the negligence of an employe of the defendant without any specification of what constituted the negligence, or what employe was guilty of it, discloses the existence of a cause of action against the defendant, and will therefore be sustained as against a general demurrer.

It will be observed by a reading of these opinions which we have cited that, in each of them, although the declaration was held good on general demurrer, it was pointed out that they would each of them have been struck out, on motion, for lack of certainty and failure to state the specific act of negligence which was charged against the defendant company or the particular employe responsible therefor. But the motion to strike out referred to in these cases was that provided by the twenty-fourth section of the act of March 17th, 1855, entitled "An act to simplify pleadings and practice in courts of law" (*Pamph L., p.* 295), as a substitute for the pleading then known as a special demurrer, and which was abolished by the twenty-third section of the same act. The twenty-fourth section of that statute now appears as section 110 of our present Practice act, and declares that "the court or a judge may on four days' notice strike out any complaint which is irregular or defective, or is so framed as to prejudice, embarrass or delay a fair trial of the action." The distinction between the motion to strike out just referred to and that provided by the present fortieth rule of the Supreme Court is the distinction which existed at common law between a special and a general demurrer, the one being directed at matters of form and the other at matters of substance. The scope of the former motion—that is, whether it can be availed of after a party has pleaded issuably—is, of course, not involved in the present appeal, and, naturally, has not been considered by us.

Another matter should, we think, be adverted to by us, as the case must be sent back for retrial. In the colloquy between court and counsel, during the argument of the motion to strike out under rule No. 40, the attorney for the appellant stated that all he would be able to prove, if the trial of the case was permitted to proceed, was that his client was standing on the

back platform of the car and the motion of the car threw her; and, apparently, this statement was considered by the court to be material in determining the question whether or not the complaint exhibited a cause of action. But this is not so. Whether or not the proofs offered by the plaintiff would support the averment of the complaint could not become a live question until after the validity of the pleading had been established. Assuming the validity of the complaint, and the insufficiency of the *probata* to support it, the proper practice is to move for a nonsuit either upon the plaintiff's opening or when he has rested his case.

The judgment under review will be reversed.

*For affirmance*—BERGEN, WILLIAMS, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, TAYLOR, GARDNER, ACKERSON, JJ. 14.