FREDERICK CAMPBELL, JULIAN M. STRICKLAND, GEORGE EWELL, FRANCIS J. DOHERTY AND NELSON DOHERTY, PLAINTIFFS, v. THE PURE OIL COMPANY, DEFENDANT.

Decided November 12, 1937.

For the plaintiffs, *Garrison & Weaver* and *John A. Miller.*

For the defendant, *Bolle & Miller.*

JAYNE, S. C. C. This motion is addressed to the complaint. The reason assigned in support of the motion is that the complaint fails to allege a cause of action. In the consideration of a motion of this nature all of the facts adequately alleged in the complaint must be accepted as true, as well as all inferences of fact which can be logically and

legitimately drawn from them. *Crawford* v. *Winterbottom,* 88 *N. J. L.* 588; 96 *Atl. Rep.* 497; *Koewing* v. *West Orange,* 89 *N. J. L.* 539; 99 *Atl. Rep.* 203. Such a motion under modern practice (Supreme Court rule 40) has merely been substituted for the general demurrer at common law. *Savage* v. *Public Service Railway Co.,* 95 *N. J. L.* 432; 113 *Atl. Rep.* 252.

Concisely stated, the complaint alleges that on July 16th, 1937, and for a long time prior thereto, the defendant maintained at the southeast corner of Virginia and Drexel avenues in the city of Atlantic City certain gas and oil tanks, pumps, pipes and other apparatus for the storage of gasoline, kerosene and lubricating oils. On the date mentioned a fire originated in and about the pumping plant on the premises of the defendant. The plaintiffs were firemen and were summoned to extinguish the fire or to arrest its progress. While the plaintiffs were endeavoring to protect adjacent properties from damage, a sudden and unexpected explosion occurred which caused them bodily injury. It is alleged that the defendant had negligently permitted large quantities of oily, greasy and gaseous substances of a highly inflammable and combustible nature to accumulate on the premises in the vicinity of its pump house and tanks and had permitted its tanks and storage containers to become out of repair so that the contents could escape from them. Additionally it is alleged that the storage tanks were not encircled by an embankment or dike and were not equipped with fire protecting and safety devices as required by an existing ordinance of the city. It is averred that the plaintiffs were wholly unaware that oily and gaseous substances had been permitted to saturate the premises in the vicinity of the pump house and tanks, and were ignorant of the defective condition of the storage tanks and of the failure of the defendant to equip them with the required devices. It is to be inferred that these conditions which were unknown to the plaintiffs proximately occasioned the unanticipated explosion. The present motion can therefore be considered in the light of these recited facts.

The complaint also embodies a general allegation that the

explosion and resultant injury to the plaintiffs were proximately caused by the negligence of the defendant. Incidentally it may be aptly stated that at the common law a general allegation of negligence in the declaration was sufficient as against a general demurrer. *Central Railroad Co. ads. Van Horn,* 38 *N. J. L.* 133, 140; *Breese* v. *Trenton Horse Railroad Co.,* 52 *Id.* 250, 253; 19 *Atl. Rep.* 204; *Race* v. *Easton and Amboy Railroad Co.,* 62 *N. J. L.* 536, 539; 41 *All. Rep.* 710; *Minnuci* v. *Philadelphia and Reading Railroad Co.,* 68 *N. J. L.* 432, 434; 53 *Atl. Rep.* 229; *Savage* v. *Public Service Railway Co.,* 95 *N. J. L.* 432; 113 *Atl. Rep.* 252; *De Voe* v. *Delaware, Lackawanna and Western Railroad Co.,* 112 *N. J. L.* 35; 169 *Atl. Rep.* 637.

At the argument of this motion counsel for the defendant particularly emphasized the contention that the only duty owed by the landowner to a fireman who in the pursuit of his duty enters the premises to abate a fire, is to abstain from acts willfully and wantonly injurious to the fireman. This subject received judicial consideration in the following cases: *Smith* v. *Twin State Gas and Electric Co.* (*N. H.*), 144 *Atl. Rep.* 57; *Clark* v. *Boston and Maine Railroad* (*N. H.*), 101 *Id.* 795; *L. R. A.* 1918A, 518; *Lamb* v. *Sebach,* 3 *N. E. Rep.* (2d) 686; 52 *Ohio App.* 362; *Maloney* v. *Hearst Hotels Corp.,* 8 *N. E. Rep.* (2d) 296; 274 *N. Y.* 106; *Meiers* v. *Fred Koch Brewery,* 127 *N. E. Rep.* 491; 229 *N. Y.* 10; *Pinson* v. *Young* (*Kan.*), 164 *Pac. Rep.* 1102; *O'Leary* v. *Houston Belt and Terminal Railway Co.,* 136 *S. W. Rep.* 602; *Rathbun* v. *White* (*Cal*). 107 *Pac. Rep.* 309; *Aldworth* v. *F. W. Woolworth Co.* (*Mass.*), 3 *N. E. Rep.* (2d) 1008, and cases therein cited.

The factual circumstances alleged in the present complaint do not project for decision the question relating to the legal status of the plaintiffs upon the mere assumption that they were upon the premises of the defendant. But see *Barnett* v. *Atlantic City Electric Co.,* 87 *N. J. L.* 29, 31; 93 *Atl. Rep.* 108. There is no allegation that the plaintiffs were on the property of the defendant when injured. The averment is that they were engaged in protecting adjacent properties. It was

stated by counsel at the argument that the evidence to be submitted under the complaint would disclose that the plaintiffs, when injured, were on the public street. Therefore it is essential to here recognize the distinction between the more usual case of negligence in which the basic duty involved is the duty to abstain from acts of commission or omission which may be reasonably expected to wrongfully cause injury to another, and the case in which a positive duty created by law or the situation of the parties is alleged to have been ignored.

It is elementary that one who utilizes one's property for the storage of relatively large quantities of highly inflammable or explosive substances or materials must exercise a degree of care commensurate with the risks and dangers to be reasonably anticipated in such an undertaking. This basic duty must be observed for the safety of others. The complaint alleges a failure on the part of the defendant company to observe this duty. *Gilroy* v. *Standard Oil Co.*, 107 *N. J. L.* 170, 174. It may be inferred from the limited statement of facts in the complaint that the alleged negligent accumulation of inflammable substances around the closely located pump house and tanks and the defective state of the storage tanks not only created dangerous conditions which according to common knowledge and experience would be likely to cause instantaneous injury, but that it was such dangerous conditions that proximately caused the explosion.

It is argued that in the circumstances disclosed by the complaint, it is apparent that the plaintiffs were guilty of contributory negligence and voluntarily assumed the very risks and dangers from which their injuries resulted. It will be noticed that in one of the counts of the complaint the conditions therein described are alleged to have constituted a nuisance. The availability of the defense of contributory negligence depends upon the character of the nuisance. *Hammond* v. *Monmouth Co.*, 117 *N. J. L.* 11 ; 186 *Atl. Rep.* 452. The contributory negligence of the injured person is not in general to be presumed. It is to be averred and established by proof as a matter of defense. It is an affirmative defense which the defendant must plead or it must be otherwise

drawn in issue by the pleadings in the action. *Durant* v. *Palmer,* 29 *N. J. L.* 544; *Dragan* v. *Grossman,* 116 *Id.* 182; 182 *Atl. Rep.* 848. Counsel for the defendant, however, has very earnestly contended that the complaint in the present action discloses circumstances which of themselves would impute to the plaintiffs contributory negligence or assumption of risk as a matter of law. It seems that at the common law if the declaration definitely and specifically alleged acts which clearly constituted contributory negligence on the part of the plaintiff, a demurrer might be properly interposed. 5 *Enc. Plead. & Prac.* 10. To sustain such a demurrer it must clearly appear that the alleged act of the plaintiff did as a matter of law, constitute contributory negligence. It is not therefore amiss to point out that one who exposes himself to a known danger is not, *ex necessitate,* guilty of negligence. The test is whether an ordinarily prudent person would, in the same or like circumstances, have incurred the risk which such conduct involved; and where fair minded men might honestly differ concerning whether the conduct was such as an ordinarily prudent person would have pursued in such existing circumstances, the problem must be solved by the trier of the facts. *Pesin* v. *Jugovich,* 85 *N. J. L.* 256; 88 *Atl. Rep.* 1101; *Solomon* v. *Finer,* 115 *N. J. L.* 404; 180 *Atl. Rep.* 567.

It cannot in reason be stated that a fireman has no protective rights whatever while engaged in the pursuit of his employment. It is contemplated that a fireman in the performance of his duty shall endeavor to extinguish fires however caused and encounter those risks and hazards which are ordinarily incidental to such an undertaking and which may be reasonably expected to exist in the situation in which he places himself. It does not follow that a fireman must be deemed as a matter of law to have voluntarily assumed all hidden, unknown and extra-hazardous dangers which in the existing conditions would not be reasonably anticipated or foreseen. It was the duty of the plaintiffs to exercise reasonable care and prudence for their own safety in the performance of their duty as firemen. The mere fact that it now appears

that the plaintiffs imperiled their personal safety in rendering the service required by their employment, does not conclusively establish their contributory negligence as a matter of law. Their conduct must be viewed in the light of the conditions and circumstances then existing. In the absence of some notice or knowledge, circumstantial or otherwise to the contrary, the plaintiffs had a right to presume that the defendant had complied with the applicable provisions of the ordinance of the city. *Pesin* v. *Jugovich, supra.* Although those who voluntarily pursue employments necessarily fraught with danger are taken to assume such risks and dangers as are normally and necessarily incident to the occupation, they are not treated as assuming obscure and unknown risks, which are not naturally incident to the occupation and which, in the existing conditions, would not be reasonably observed and appreciated. Recognizing the difference between assumption of risk and contributory negligence (*Seaboard Air Line Railway Co.* v. *Horton,* 233 *U. S.* (at *p.* 504) ; concurring opinion of Mr. Justice Heher in *Harenburg* v. *August,* 119 *N. J. L.* (at *p.* 85) ; 194 *Atl. Rep.* 152, the bare facts alleged in the complaint do not justify the conclusion, as a matter of law, that the plaintiffs either knowingly assumed the risk resulting in their injury or were guilty of contributory negligence.

The allegations of the complaint are legally sufficient to withstand the present motion. The motion will therefore be denied to the end that all of the true and actual circumstances surrounding the occurrence of the explosion may be fully disclosed and the conduct and situation of the plaintiffs may be more definitely indicated by testimony introduced at the trial.