ATLANTIC COUNTY CIRCUIT COURT.

RITA DeCICCO, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOHN A. DeCICCO, DECEASED, PLAINTIFF, v. MARLOU HOLDING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided November 20, 1945.

For the plaintiff, *John B. Baratta.*

For the defendant, *DeBrier & Shahadi* (by *George T. Naame*).

BURLING, C. C. J.   This is a motion to strike the amended complaint on the ground that: "The complaint discloses no cause of action, in that, said cause is based upon the doctrine of *res ipsa loquitur* and no facts are set forth in which this doctrine may be invoked." By stipulation the notice and reason applied to the complaint as amended.

In a motion of this character, all facts adequately alleged in the complaint must be accepted as true, as well as all inferences of fact which can be logically and legitimately drawn from them. *Campbell* v. *The Pure Oil Co.* (*Supreme Court,* 1937), 15 *N. J. Mis. R.* 723; 194 *Atl. Rep.* 873.

The pertinent facts as alleged in the amended complaint are found in paragraphs 1, 2 and 3 of the amended complaint as follows:

"1. At all the times hereinafter mentioned and for a long period of time prior thereto, the defendant was the owner, operator and entity in control of a certain apartment building, known as *Loumar Apartments,* situate on Pacific Avenue, opposite the foot of Ocean Avenue in the City of Atlantic City, County of Atlantic and State of New Jersey.

"2. At all the time hereinafter mentioned the plaintiff's intestate was an air raid warden in and about the course of his duties along and upon the said Pacific Avenue, a public highway, in the city, county and state aforesaid.

"3. On September 14th, 1944, plaintiff's intestate, while succoring distressed way-farers in a storm then in progress and while in the course of his duties as aforesaid, was struck by a piece of defendant's said building, which had become loosened and detached and fell therefrom; and from his injuries so received died."

A fallen object is the common circumstance calling for the invocation and application of the doctrine of *res ipsa loquitur.* *Cleary* v. *Camden* (*Supreme Court,* 1937), 118 *N. J. L.* 215 (at *p.* 219); 192 *Atl. Rep.* 29; *affirmed* (*Court of Errors and Appeals,* 1937), 119 *N. J. L.* 387; 196 *Atl. Rep.* 455.

In *Soriero* v. *Pennsylvania Railroad Co.* (*Court of Errors and Appeals,* 1914), 86 *N. J. L.* 642 (at *p.* 643); 92 *Atl. Rep.* 604, 605, which involved the falling of a stone from the wall of the defendant upon the plaintiff, the rule is stated thus:

"The gravamen of the allegation imposing liability is that the plaintiff was lawfully upon the public highway, when a stone, due to defendant's carelessness in maintenance, fell, causing the injury complained of. That situation brings the case within the familiar principle which attributes negligence to an abutting owner of property, who so negligently manages the same that a passerby lawfully upon the highway is injured.

"Addison states the principle thus: 'Every occupier of a house adjoining a highway is responsible for injuries to a passerby arising from things falling from the house into the streets, unless he can show that the fall arose from storm or tempest, or some inevitable accident. 1 *Add. Torts* 253 and cases cited.

"In 29 *Cyc.* 593, it is stated that 'the doctrine under consideration has been applied in cases of materials or articles falling from buildings or other structures on to passersby on a public street; and the unexplained falling of a building or other structure creates a presumption of negligence.' "

The defendant maintains the court should take judicial notice that on the 14th day of September, 1944, there was a storm in Atlantic City of hurricane or tempest type and in doing so that the doctrine is not applicable and since there are no special allegations of actionable negligence, the cause of action must fall since it is not established that the accident occurred in the ordinary course of things.

This contention overlooks the fact that it is the falling of a piece of defendant's building which is the occurrence that does not happen in the ordinary course of things. This being so, the happening of the accident justifies the inference of the want of due care or negligence, the effect of which is described in *Galbraith* v. *Smith* (*Supreme Court*, 1938), 120 *N. J. L.* 515 (at *p.* 516) ; 1 *Atl. Rep.* (*2d*) 34, 35:

"True, defendant is always entitled to go forward, as she did in the case at bar, with explanatory testimony to negative the inference of negligence, but the inference remains nonetheless, and should be considered by the trier of the facts. Thus, under the circumstances here exhibited, it might well have been that, notwithstanding a consideration of the inference raised by the invocation of the doctrine of *res ipsa*

*loquitur,* the trier of the facts might have concluded that defendant had exercised due care and thus incurred no liability. But the conceded failure to consider that inference, along with the other proved facts, was harmful and prejudicial error."

Since the storm of September 14th, 1944, in Atlantic City was of relatively short duration as to period of high wind and its intensity and velocity, evidence of the circumstances as they existed at the time of the alleged event comes within the category of explanatory testimony to negative the inference.

Further, however, in this class of cases where it is contended that the plaintiff's damages were occasioned by an act of God, the rule has been stated thus:

"The rule as to damages for injury resulting from negligence concurrent with inevitable accident is thus stated in 29 *Cyc.* 504:

" 'Nevertheless the rule imposing liability on defendant, although another efficient cause concurs with defendant's negligence, applies where an accident or act of God is the concurring cause. And the same is true where the primary cause was an accident for which defendant was not liable if the injury would not have resulted but for his negligence, or where by the exercise of ordinary care the result might have been essentially mitigated.' " *Clark* v. *Public Service Electric Co.* (*Court of Errors and Appeals,* 1914), 86 *N. J. L.* 144 (at *p.* 154) ; 91 *Atl. Rep.* 83, 86, and in *Meyer Brothers, &c., Co.* v. *National Malting Co.* (*Supreme Court,* 1940), 124 *N. J. L.* 321 (at *p.* 323) ; 11 *Atl. Rep.* 840: "Moreover the rule imposing liability on defendant, although another efficient cause concurs with defendant's negligence, applies where an act of God is the concurring cause."

So that, since it is not shown conclusively that the act of God is the sole efficient cause of damage then it becomes a factual question as to whether the act of God is the sole efficient cause and whether the defendant's negligence is the sole or a concurring efficient cause within the rule that requires the owner of a building in such a situation to comply with the following duty:

"That rule is circumscribed by the limitation of reasonable care to protect the public against defective construction, or disrepair of property adjoining the public highway, and is co-equal only with the care required of the ordinary prudent man under similar circumstances." *Soriero* v. *Pennsylvania Railroad Co.,* 86 *N. J. L.* (at *p.* 646); 92 *Atl. Rep.* 604.

The burden of proof rests throughout, however, upon the plaintiff to establish actionable negligence. *Cleary* v. *City of Camden,* 118 *N. J. L.* (at *p.* 223); 192 *Atl. Rep.* 29; *Klatt* v. *Hoboken Bank for Savings (Supreme Court,* 1941), 126 *N. J. L.* 96 (at *p.* 98); 18 *Atl. Rep.* (2d) 602.

The motion is denied, and an appropriate rule may be presented.