Crater v. Smith.

---

LEMUEL F. CRATER, JR., appellant,

*v.*

ELLA SMITH, respondent.

The act of 1881 (*P. L. of 1881 p. 184*), which requires that an action on a bond for a deficiency shall be brought within six months after the sale of the premises under the foreclosure of the accompanying mortgage, is in derogation of the creditor's common law remedy, and must be strictly construed, and does not prevent his presenting his full claim to the representatives of the deceased mortgagor before such foreclosure sale, and obtaining his dividend on the amount of the deficiency, if the estate be insolvent, more than six months after such sale, although no action has been brought on the bond.

---

Appeal from order of Morris orphans court.

Crater v. Smith.

*Mr. J. J. Bergen*, for appellant.

*Mr. H. C. Pitney, Jr.*, for respondent.

THE ORDINARY.

Letters of administration upon the estate of Zachariah Z. Smith, deceased, were issued, on the 14th of October, 1884, by the surrogate of Morris county, to Richard H. Stephens and Stephen Babbitt. An order requiring creditors to bring in their claims within nine months was made on the same day. On the 9th of January, 1885, and within the time so limited, Lemuel F. Crater, Jr., duly presented his claim against the estate upon oath. The claim was based upon a bond made and given by the intestate to him. To secure the payment of the bond, the intestate gave him a mortgage, dated April 11th, 1882, made by the former upon real estate of his, which mortgage the appellant held when he so presented his claim. On the 3d of August, 1885, an order barring creditors was made. On January 25th, 1886, notice was given by the administrators that the report of claims and of the amount of the personal and real estate would be made on the 5th of April then next, and that an application would be then made to declare the estate insolvent. The report of claims was made, and exception was taken, March 30th, 1886, by the respondent, a creditor, to the claim of the appellant, upon the ground that the mortgage had been foreclosed since the death of the intestate, and the premises sold, upon the 22d of August, 1885, for $3,500, and that no suit was brought upon the bond to recover the deficiency within six months from that time, nor at any other time, so that (it was insisted) thus the equity of redemption in the mortgaged premises was extinguished, and the appellant had accepted the property in satisfaction of the debt. The orphans court, by their order, sustained the exception and disallowed the claim. From that order the appeal was taken.

The exception was based upon the provisions of the act of 1881, " to amend an act entitled 'An act concerning proceedings on bonds and mortgages given for the same indebtedness, and the foreclosure and sale of mortgaged premises thereunder,' ap-

proved. March 12th, 1880." *P. L. of 1881 p. 184.* By that act the act of 1880 was amended so that it provided that in all cases where a bond and mortgage had been or might thereafter be given for the same debt, all proceedings to collect the debt should be, first, to foreclose the mortgage, and if, after applying the proceeds of the foreclosure sale, there should be a deficiency, suit therefor, upon the bond, must be commenced within six months from the date of the sale. Also, that if after the sale the person entitled to the debt should recover a judgment in a suit on the bond for any balance of the debt, the recovery should open the foreclosure and sale of the mortgaged premises, and the person against whom the judgment should be recovered might redeem the property by paying the full amount for which the decree was rendered, with interest from the date of the decree, and all cost of proceedings upon the bond; provided that a suit for redemption be brought within six months after the entry of the judgment for the balance of the debt. The mortgage in this case was given after the passage of that act. As before stated, the claim was put in under oath, January 9th, 1885; the order barring creditors was made August 3d, 1885; the foreclosure sale took place August 22d, 1885; and notice of the report of claims &c., and of the application (to be made April 5th, 1886), to declare the estate insolvent, was given January 25th, 1886.

The object of the act was to compel the creditor holding a bond secured by mortgage, to look first to the mortgaged premises for payment, and to limit his time for suing upon the bond for deficiency to six months from the time of the sale, and to give to the bond debtor a right to redeem the property in case the creditor should recover judgment for the deficiency. The appellant had a right to present his claim under the order limiting creditors. Had he not done so, he would have been barred from recovering it against the administrators, and he could not have brought suit against the administrators upon it. The act of 1881, while it prohibited him from bringing suit upon the bond until sale under foreclosure of the mortgage should have taken place, did not prohibit him from presenting his claim

Crater *v.* Smith.

under the call of the order to limit creditors. Nor can it be said that he ought to have put in a new claim (for deficiency) after the sale. The order barring creditors prevented such action. All that he could have done would have been to put in a statement reducing his demand to the amount of the deficiency, but he was not required to do so. The eighty-sixth section of the orphans court act (*Rev. p. 771*) provides that in proceedings for the settlement of insolvent estates, any creditor or other person interested may file exceptions to the account and exhibition of the executor or administrator in respect of the amount and value of the real and personal estate of the ·decedent, and that the executor or administrator or other person interested may except to the claim or demand of any creditor or any part thereof, and that the court may try those matters. It also provides that if no exception be made against any claim or demand of a creditor, it shall be held and deemed to be justly due. Also (section 87), that if any creditor whose claim or demand is excepted to, shall elect to proceed at common law or in equity, in preference to having it determined in the orphans court, he may do so, but shall proceed immediately; and, on the other hand, if the executor or administrator shall desire to have the claim or demand of any creditor against the estate determined at law or in equity, he shall give notice thereof at the term to which the report is made; and in that case, also, the creditor shall proceed immediately. At the time for making the report, April 5th, 1886 (and even when the exception was filed, March 30th, 1886), the six months from the time of the sale had elapsed; they expired in February, 1886. So that at the time of filing the exception, suit upon the bond was barred by the act of 1881. The orphans court so adjudged. The act provided that if the appellant's claim should not be excepted to, it should be held and deemed to be justly due. As just stated, when it was excepted to, it was too late to bring suit. Before the sale he could not sue, and he was not bound to sue after the sale. He had already put in his claim against the estate, and the administrators had not disputed it. In fact, they never disputed it. The case is not within the act. The act is in derogation of the common law, and unless it, in

terms or by necessary or fair and reasonable implication, takes away from the appellant his remedy for the recovery of the money remaining due to him upon the bond, his rights with respect to that money are such as they would have been had the act not been passed.  The order under review should be reversed, except so much of it as gives a counsel fee to the counsel of the respondent, and an order should be made in favor of the appellant, allowing his claim to the amount of the deficiency, with interest.  Under the circumstances, a fee of the same amount as that awarded in the court below to the respondent, should be given to the counsel of the appellant out of the estate for services in the court below, and the costs of the appeal (both sides) should be paid out of the estate.