ADRIAN WENTINK v. THE BOARD OF CHOSEN FREE-HOLDERS OF THE COUNTY OF PASSAIC.

Submitted December 8, 1900—Decided February 25, 1901.

1. Where a contract within the power of a public corporation is set aside for irregularity, there may be recovery as on a *quantum meruit* against such corporation for work and materials furnished under such contract before legal attack, irrespective of any benefit derived therefrom.
2. In such a case the recovery may include expenditure to secure such materials pending the proceedings attacking the contract.
3. The measure of recovery should be in proportion to the contract price, but in the absence of contrary proof fair cost will be deemed an equivalent.

On special finding.

On May 13th, 1896, the Passaic county freeholders awarded a contract for the mason work of a bridge, which it had legal power to build, to Stanley & Shire, the lowest bidders, with a proviso that the contractors should furnish a bond satis-

factory to the director of the board. On June 2d, 1896, the board passed a resolution which, after reciting that Stanley & Shire had failed to sign the contract awarded them or to furnish a satisfactory bond, awarded a contract for such mason work to Adrian Wentink, the next lowest bidder, subject to the opinion of the counsel of the board on the legality of such action. The counsel being of opinion that the course adopted was legal, a formal contract was signed and Wentink began work. On July 14th, 1896, when he had reasonably expended $525 in the execution of the contract, Stanley & Shire procured and served upon Wentink and the freeholders a rule to show cause why a *certiorari* should not issue to review the action of June 2d, 1896, which rule directed that proceedings under the Wentink contract should be stayed. A writ was, in due course, allowed, and under it the contract was set aside. In the meantime Wentink had reasonably expended $75 in attempting to secure materials previously furnished, but the county derived no benefit from either expenditure. Had Wentink completed his contract his clear profit would have been $1,500.

Wentink brought suit for his expenditure and his profits. The cause was tried, by consent, without a jury, before Mr. Justice Dixon, at the Passaic Circuit, and comes before this court on a special finding of the facts above stated, with alternative conclusions as this court shall determine the law.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GUM-MERE and COLLINS.

For the plaintiff, *Eugene Emley.*

For the defendant, *De Witt C. Bolton.*

The opinion of the court was delivered by

COLLINS, J. It is unquestionable that the recitals of the resolution awarding a contract to the plaintiff, if legally established against derelict bidders, would have fully justified the action reprobated by the court. This is declared in the

opinion read on the decision of the *certiorari.* The only reason for not upholding such action was that, being *quasi-*judicial in its nature, it could not lawfully be taken without notice to Stanley & Shire, who would be directly affected thereby. *Stanley* v. *Passaic, 31 Vroom* 392.

There was, therefore, no lack of power to make the contract with the plaintiff. The fatal defect was in an irregular exercise of such power. It would be too much to hold every contractor with a public body to a scrutiny, at his peril, of the corporate proceedings. All that he need look to is the power to make the ostensible contract. *Bigelow* v. *Perth Amboy, 1 Dutcher* 297; *Knapp* v. *Hoboken, 9 Vroom* 371; *Tappan* v. *Long Branch Commission, 30 Id.* 371; *Moore* v. *Mayor, &c., of New York, 73 N. Y.* 238.

The question in this case, then, is as to what must befall one whose contract, through no fault of his own, is, by force of law, annulled while yet unperformed. Clearly he cannot sue on the contract, for it has no longer legal existence. This disposes of any claim of the present plaintiff for profits. But, until set aside, the contract was, as between the parties to it, entirely valid, and its annulment subjected those parties to all just equities. Where there is a prevention of performance of a valid contract, through the fault of a defendant, the measure of the plaintiff's damages is generally, for the work done, such a proportion of the entire price as the fair cost of that work bears to the fair cost of the whole work, and in respect to the work not done, such profit as he would have realized by doing it. *Kehoe* v. *Rutherford, 27 Vroom* 23. In the case in hand the performance of the contract was not prevented by the fault of the defendant, but by *vis major.* The making of the contract was, however, induced by such fault; and, on its annulment, the defendant should answer, as on a *quantum meruit,* for the work done thereunder. This obviates the difficulty existing in that class of cases where a blameless party is entitled to recover for what has been done or furnished under a contract, not legally enforceable, that the other party refuses to perform. In such cases recovery depends upon benefit and, perhaps, is limited to benefit.

*Banker* v. *Henderson,* 29 *Id.* 26. In such a case as the present, benefit is entirely aside.

The implied *assumpsit* on which we rest our decision will arise against a public corporation as well as against an individual or a private corporation. *Dill. Mun. Corp.,* § 383; *Louisiana* v. *Wood,* 102 *U. S.* 294. The cases that bar recovery against a public corporation, on an implied *assumpsit,* rest either on a lack of power to make an express contract or a failure to exercise it. *Town of Hackettstown* ads. *Swackhamer,* 8 *Vroom* 191; *Car Spring and Rubber Co.* v. *Jersey City,* 35 *Id.* 544.

As to the measure of the *quantum meruit* for the work done the contract rate should govern. In the absence of any contrary proof, fair cost will be deemed an equivalent. The present plaintiff is, therefore, entitled to recover on that basis, and, by parity of reasoning, he should be allowed his expenditure in attempting to secure the materials that had been furnished when his contract was stayed. That expense was a mere incident to the other. The plaintiff could not abandon his contract because it was challenged. It was his duty to preserve the *status* of the work pending the litigation. His obligation to perform his contract was not removed until the final determination of the cause. It might be that he would be called on to perform it. He should, therefore, recover for all the expenditure and interest. The total, by the special finding, appears to be $730. Let judgment be entered accordingly.