CENTRAL ELECTRIC COMPANY v. STREET LIGHTING DIS-
TRICT No. 1 OF THE TOWNSHIP OF WOODBRIDGE.

Argued June 8, 1904—Decided November 7, 1904.

An electric lighting company furnished electric current for street lighting under a written contract; the defence was that the lights were not of the power required by the contract; it appeared that after the tests upon which the defence relied were made, the defendant paid for the lights furnished up to the ensuing 1st of January at the full contract rate; it did not appear that any objection as to the character of the lights furnished thereafter was made by the defendant, and there was no proof of subsequent

tests during the existence of the contract; two of the three lighting commissioners testified that the contract was satisfactorily performed. *Held*, that it was error to refuse to charge that the plaintiff could recover under the common counts in *assumpsit*.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiff, *Neilson Abeel.*

For the defendant, *Malcolm MacLear.*

The opinion of the court was delivered by

SWAYZE, J. This action was brought to recover compensation for lighting the streets of Woodbridge. The declaration contained a count upon a contract in writing, a copy of which was annexed to and made part of the declaration and also the common counts in *indebitatus assumpsit.*

By the written contract the plaintiff agreed to erect, maintain and operate for the term ending with the first Tuesday in June, 1903, one hundred and fifty-six or more incandescent street lamps of twenty-five candle power each, and the defendant, in consideration of the fulfilment by the party of the first part of the covenants, terms and conditions of the contract, agreed to pay $16 per lamp per year. There was a provision that the plaintiff should use due care and diligence to cause each lamp to be lighted, and kept continuously lighted, and in case any lamp should fail to burn the plaintiff should forfeit ten cents per lamp per night, and a further provision for a *pro rata* reduction for each useless or suspended lamp during the suspension of lighting caused by unavoidable accident or breakage of machinery.

The proofs showed that the lighting had been paid for to January 1st, 1903, and the suit was for the price for lighting from January 1st, 1903, to May 31st, 1903.

The defence was a failure to supply lights of twenty-five

candle power. There was no denial that lights were furnished in accordance with the contract in other respects.

The proof was that tests made on November 7th, November 14th, November 24th and December 20th, 1902, in different parts of the town showed that the voltage was less than two hundred and twenty volts; that some thirty lamps, which were examined, were found to be marked twenty-four candle power at two hundred and twenty volts; that eight lamps were tested and found to give less than twenty-five candle power at the actual voltage as ascertained by the tests. It does not seem to have been disputed that the lamps would have given a light of twenty-five candle power with sufficient voltage. The real ground of the defendant's complaint was that the voltage was insufficient.

The tests were made by an expert employed by one of the three lighting commissioners, and reports of the result were made to him. He seems not to have called the attention of his fellow-commissioners to the alleged defects, and both of them testified that the contract was carried out by the plaintiff to their satisfaction.

The case was tried as if the sole issue were whether the plaintiff had fully performed its contract, and the court submitted that question to the jury. The court charged: "If you conclude that this company has not performed its contract, has not furnished light of the power which it agreed to, but has furnished light much less in power, although you may think it harsh, it cannot recover anything."

No exception was taken to the charge, but at its close the court was asked to charge that the plaintiff was entitled to recover under the common counts, and this request was denied. There was a verdict for the defendant and this rule was allowed.

The question we have now to determine is not whether the proper construction of the contract required the plaintiff to furnish merely lamps of twenty-five candle power or to furnish a current of sufficient voltage to produce a light equivalent to twenty-five candles, nor is it whether the

406     NEW JERSEY SUPREME COURT.

Central Electric Co. v. Street Lighting District.   71 N. J. L.

plaintiff's agreement in this respect is a condition, the exact and literal performance of which is necessary to justify any recovery whatever. We have merely to decide whether the light was furnished during the first five months of 1903 under such circumstances that the law will imply a contract to pay what it was reasonably worth. If so, the plaintiff was injured by the refusal to permit a recovery under the common counts.

We think the evidence on the part of the defendant indicated either a departure from the terms of the contract or an acceptance by the lighting commissioners on behalf of the district of such performance as the plaintiff was then giving. We base this conclusion upon the fact that the tests were made in November and December, 1902, the results known to at least one of the commissioners, and the contract price thereafter paid to January 1st, 1903. The necessary inference is either that the commissioners accepted the performance as a complete performance or assented to an incomplete performance and valued it at the contract price.

After January 1st, 1903, no further tests seem to have been made and no complaints made to the company of the character of the service. The commissioner who had had the tests made in November and December was not produced as a witness. The company having received pay at the contract rate for the service rendered in November and December had the right to assume that they would be paid for the same service during the ensuing months. From the fact that no objection or complaint was made to them by the lighting commissioners and that two of the three now express their satisfaction with the service rendered, we think it would, to say the least, be a permissible inference for a jury that the services were accepted by the defendant whether they were in compliance with the contract or not. If so, the law implies a contract to pay their reasonable value. *Bozarth* v. *Dudley,* 15 *Vroom* 304; *Feeney* v. *Bardsley,* 37 *Id.* 239.

The lighting commissioners were empowered by statute (*Gen. Stat., p.* 3669, *pl.* 452) to make contracts for the dis-

trict for maintenance of street lights and the district can be held on the implied *assumpsit*. *Wentink* v. *Freeholders of Passaic*, 37 *Vroom* 65.

We express no opinion upon the question whether the tests made in November and December, 1902, by the expert would be sufficient to show a failure of complete and exact performance in the year 1903.

The rule should be made absolute.