SOUTH CAMDEN TRUST COMPANY OF CAMDEN, NEW JERSEY, complainant,

*v.*

BENJAMIN BLACK et al., defendants.

[Decided February 11th, 1932.]

*Messrs. Starr, Summerill & Lloyd,* for the complainant.

*Mr. D. Trueman Stackhouse,* for the defendants.

LEAMING, V. C.

The bill is filed by complainant as a creditor of Leon R. Yubas, deceased, against the executrix of the deceased debtor and others. The bill seeks to set aside a certain conveyance of real estate made by the deceased in his lifetime to defendant Edwards Company, and a conveyance by Edwards Company to defendant Black; and also a certain mortgage made by the deceased to Edwards Company.

The testimony adduced by complainant to establish that the $15,000 mortgage made by Yubas to Edwards Company and the deed subsequently made by Yubas to Edwards Company were in fraud of Yubas' creditors was wholly through the examination of hostile witnesses and elicited little definite information touching the facts. It powerfully indicated,

however, that both of those instruments were made without consideration and in fraud of Yubas' creditors; that Yubas and the corporation were essentially one, the latter being no more than a name in which Yubas could and did transact his own business without regard to any corporate organization or corporate action. But it may be said to be at least susceptible of doubt whether the evidence is adequate to establish those facts. The conveyance which Yubas caused the Edwards Company to make to defendant Black was, however, for a valuable consideration and to an innocent purchaser. That conveyance was made subject to certain mortgages which were prior to the mortgage of $15,000 in the name of Edwards Company, and also subject to that mortgage. Accordingly, defendant Black enjoys the fee subject to the lien of the $15,000 mortgage by reason of the fact that he purchased subject to its lien, and deducted that amount from his purchase price; accordingly he cannot repudiate the validity of that mortgage. It follows that if relief herein can be granted to complainant, the $15,000 mortgage, in form only, running to Edwards Company, should be regarded as in fact an asset of Yubas' estate, and should be enforced against Black by Yubas' executrix as an asset of that estate; in effect, as to Yubas' creditors, it is an interest of testator in the real estate which his creditors are entitled to enjoy, if it be determined herein that the evidence has adequately established the fact that the mortgage was executed without consideration and in fraud of Yubas' creditors.

But while I am unable to escape the conviction that the mortgage and subsequent deed to Edwards Company were in fraud of Yubas' creditors and that the evidence should be deemed adequate to justify that finding of fact, if necessary to afford complainant relief, I think it clear that the bill cannot be sustained for the reason that complainant's claim as a creditor of Yubas had not been adequately established, prior to the filing of the bill, to confer upon this court jurisdiction to sustain the bill as a creditor's bill.

Complainant's claim against the Yubas estate was presented to the executrix March 14th, 1929. The present credi-

tor's bill was filed May 10th, 1929. Nothing transpired between those dates; the executrix had neither admitted nor denied the indebtedness, and our statute suggests no time within which a claim, so presented, must be disputed or deemed allowed as a claim against the estate. Obviously the period of inaction above named does not carry with it even an implied admission on the part of the executrix that the claim is allowed or admitted by her to be a valid claim. In *Haston* v. *Castner, 31 N. J. Eq. 697,* the creditor's verified claim had been presented to the executor and, as there found, admitted by the executor to be a valid claim. That circumstance was there held to adequately establish the validity and amount of the claim and to give it the precise status of a claim established by a judgment at law, since a judgment at law, after a claim has been disputed by an executor, does no more than establish the claim as a valid claim. Our statute confers upon creditors a lien on the real estate of the deceased debtor. But that lien is a statutory lien expressly conferred upon the creditors of the estate; to enjoy the lien one must be a creditor; that is a condition or status precedent to and made the basis of the statutory lien. Unless that status is established by the claim's being allowed by the executor, the determination of the validity and amount of the claim belongs to a legal tribunal; not to this court. A necessity of the claim's being established as to its validity and amount, either by allowance by the executor or by judgment at law, is clearly recognized in *Haston* v. *Castner, supra.* The enforcement of equitable liens is a primary function of a court of equity; and in the enforcement of such liens the incidental jurisdiction exists to hear and adjudge the validity and amount of the claim of lien. The foreclosure of mortgage liens and of pledges are typical cases of that class. But the lien here asserted is created by statute; it is a legal lien, as distinguished from an equitable lien. *3 Pom. Eq. Jur.* § *1269.* As a lien conferred by statute upon creditors it is not to be regarded as in the nature of an equitable lien inherently within the equitable jurisdiction of the court of chancery independently of any statute; the inherent equitable juris-

diction for the enforcement of the latter class of liens embraces, as already suggested, the power and duty of the court to ascertain their validity and amount, whereas, in the former class, it is an essential prerequisite that the validity and amount of the claim be first established before equitable jurisdiction for its enforcement may be entertained. This prerequisite from an early date uniformly has been recognized in Engand and in this state in entertaining in equity ordinary creditor's bills based upon rights conferred by our statute of frauds upon creditors to attack conveyances fraudulent as to them; and latterly in like cases authorized by our Uniform Fraudulent Conveyance act. The necessity for a judgment at law as a prerequisite in such cases was last declared by our court of errors and appeals in *Gross* v. *Pennsylvania Mortgage and Loan Co., 104 N. J. Eq. 439.*