Two motions are before the court. The first is on behalf of the complainant, to strike the answer as frivolous; the second, on behalf of the defendant for a bill of particulars.
By this bill a creditor of decedent seeks to impress a lien upon real estate owned by the latter, in an amount to be fixed by a decree of this court. It is the contention of the complainant that as a creditor of a deceased person owning real estate in New Jersey, he has a lien upon such real estate for one year or thereafter until a bona fide alienation thereof, by virtue ofR.S. 3:25-21, and that, under the circumstances here involved, in order to protect this lien, the court of chancery should fix the amount of the lien and decree a sale of *Page 505 
the property in satisfaction thereof. It appears that complainant filed his claim with the administrator in due course and that the latter has neither acknowledged nor disputed it. Complainant is fearful of losing his lien on the realty and takes the position that the failure of the defendant administrator to formally dispute the claim constitutes an admission of its validity and correctness.
The answer of the defendant alleges that the failure of the administrator to dispute complainant's claim has not validated the claim and that until the validity of such claim is determined the court of chancery cannot enter a money decree in favor of complainant without considering evidence in support of a counter-claim filed by the defendant. Complainant now moves to strike the answer as frivolous in that it sets up a "fictitious dispute" intended to delay complainant until he validates his claim, thereby jeoparding his lien on the real estate.
Our Orphans Court act, section 71 (now R.S. 3:25-8) deals with the manner in which a creditor of a deceased person may present a claim to the personal representative of a deceased obligor. It provides:
"If an executor or administrator disputes a claim presented to him or portion thereof, he shall give notice in writing to the claimant, his agent or attorney, of that which he disputes.
"Within three months after receiving such notice the creditor shall commence an action to recover on the disputed claim, or portion thereof * * *."
It is to be noted that the act does not particularize the manner or form of presentment of the claim. The statute merely provides a method of establishing the validity of claims. InRogovin v. Kridel (1935), 116 N.J. Law 97, the court of errors and appeals said (at p. 99):
"The purpose of section 71 of the Orphans Court act is to establish the validity of the claim against the estate of the deceased obligor. So is all the authority. Crater v. Smith,42 N.J. Eq. 348; affirmed, 43 Ibid. 636; Weatherby v. Weatherby,63 N.J. Law 445; Smith v. Wilson, 79 N.J. Eq. 310, 321."
(Italics mine.) *Page 506 
Thus a creditor may present his claim to the executor or administrator in any manner he sees fit. The executor or administrator may accept it or dispute it. If the former, the claim is taken as valid, the claimant not being required to resort to a court of law; if the latter, the executor or administrator is required by R.S. 3:25-8 to notify the claimant of that which he disputes and the claimant must then bring an action at law on the disputed claim. A creditor who establishes a claim against an estate by a judgment at law, after the claim has been disputed by an executor or administrator, simply settles the validity of the same. His status is no different than one whose claim has been admitted by the executor or administrator to be valid. South Camden Trust Co. v. Black (1932), 110 N.J. Eq. 97.
In the present case, the complainant has not "validated" his claim in either of the above fashions. His claim has not beenaccepted nor has it been disputed so as to enable him to sue at law thereafter. It is the failure of the administrator todispute the claim of complainant that has prompted this present litigation. The complainant alleges that this failure jeopards his lien, created by R.S. 3:25-21, in that it has prevented complainant, for eleven months, from establishing his claim against the estate. But there is no duty upon an executor or administrator to dispute a claim presented to him as representative of an estate. By implication he may accept a claim, but in the absence of an acceptance he is not required to dispute it. And until a claim is established as valid, it cannot be the basis of a lien under R.S. 3:25-21.
The opinion of Vice-Chancellor Leaming in South Camden TrustCo. v. Black, supra, concisely disposes of this present controversy. It points out that there is no statutory duty upon an administrator to dispute a claim presented to him; that a failure to dispute does not carry with it an implied admission that the claim is allowed or accepted; that a claim must be determined in some manner to be "valid" before it can serve as a basis of a lien under R.S. 3:25-21; and lastly, that the lien given creditors of a deceased obligor is a legal *Page 507 
lien, as distinguished from an equitable lien, and hence requiring the validity and amount of the claim which is its basis to be first established either by admission on the part of the decedent's representative or by a law court, before equitable jurisdiction for its enforcement may be entertained.
The cases in New Jersey are consistent in following the rule laid down in Haston v. Castner, 31 N.J. Eq. 697, that before jurisdiction can be conferred on the court of chancery the validity and amount of the claim must be established, either by allowance by the executor or by judgment at law.
The Haston Case and Simpson v. Bockius, 77 N.J. Eq. 339,
embraced situations where the executor in each instance "accepted" the claim presented, thereby establishing it as valid. In Donahue v. Casabianca, 112 N.J. Law 158, and in Crane v.Doherty, 117 N.J. Eq. 14, the complainants became judgment creditors after their claims had been disallowed. All of these cases, relied on by complainant in the present controversy are thus distinguishable on their facts, since they involve claims the validity of which were established prior to the institution of the chancery action.
The conclusion is inevitable that this court is without jurisdiction to sustain the bill of complaint, for the reason that the claim of complainant as a creditor of the decedent has not been adequately established prior to the filing of the bill. This court is without power to determine the amount of complainant's claim in this proceeding without departing from the rule of Haston v. Castner, supra, which controls. See Axt
v. 61 Lincoln Park, Inc. (1931), 108 N.J. Eq. 459.
The motion to strike defendant's answer as frivolous is equivalent, under our present practice, to a general demurrer at common law, and deals with matters of substance only. Savage v.Public Service Railway Co. (Court of Errors and Appeals,1920), 95 N.J. Law 432; Blum v. Jersey City Lumber Co.
(Court of Errors and Appeals, 1933), 112 N.J. Law 65, 67;County of Passaic v. Manly (1936), 14 N.J. Mis. R. 509,513; 186 Atl. Rep. 33: Campbell v. The Pure Oil Co. (1937),15 N.J. Mis. R. 723; 194 Atl. Rep. 873. Upon a demurrer, it is the well-settled rule that judgment will be *Page 508 
given against the party whose pleading is first defective in substance. Brehen v. O'Donnell, 34 N.J. Law 408. This is true in equity as well as at law, for in both jurisdictions the motion to strike has taken the place of the demurrer. Chancery rule 69. I will advise a decree dismissing the bill of complaint, which will also dispose of the second motion.